IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DERAK A. SCHULTZ,

                Plaintiff,                OPINION AND ORDER

v.

                                          23-cv-617-wmc

KEITH NANCE and
SHERYL KINYON,

                Defendants,

---

Derak A. Schultz is a state prisoner representing himself. He has been granted leave to proceed on Eighth Amendment claims against Doctor Keith Nance and Health Services Manager Sheryl Kinyon for allegedly, deliberately failing to provide antibiotics after oral surgery. (Dkt. ##7, 14.) Pending before the court is defendants' motion for summary judgment. (Dkt. #22.) For the reasons explained below, the court will GRANT defendants' motion.

UNDISPUTED FACTS[1]

At all relevant times, plaintiff Derak Schultz was an inmate in custody of the Wisconsin Department of Corrections ("DOC") at the Prairie du Chein Correctional

---

[1] The following undisputed, material facts are drawn from defendants' proposed findings of fact. (Dkt. #24.) Although given multiple extensions and opportunities to do so, Schultz has failed to file any response to defendants' motion for summary judgment or proposed findings of fact. (See Dkt. ##30 and 32 (extending plaintiff's response deadline from November 11, 2025, to January 20, 2026).) This court's summary judgment procedures, which are attached to the preliminary pretrial conference order entered in this case, warn the litigants that "[u]nless the responding party puts into dispute a fact proposed by the moving party, the court will conclude that the fact is undisputed." (See dkt #13, Preliminary Pretrial Conference Packet, at 5); see also Abraham v. Wash. Grp. Int'l, Inc., 766 F.3d 735, 737 (7th Cir. 2014) ("[T]his Circuit has routinely held that a district court may strictly enforce compliance with its local rules regarding summary judgment motions.") Because plaintiff has failed to respond to defendants' proposed facts, they are deemed undisputed.

Institution ("PDCI"). Defendant Keith Nance is a licensed dentist and employed by the DOC, splitting his time between PDCI and the Wisconsin Secure Program Facility ("WSPF"). Defendant Sheryl Kinyon is a registered nurse and was the Health Services Unit ("HSU") Manager at PDCI during the relevant period.

In January 2023, Shultz and Dr. Nance exchanged messages regarding a need to meet to adequately evaluate Schultz's dental health and create a plan of care. During their subsequent meeting in February 2023, Nance outlined that: Schultz came into DOC custody with significantly compromised dental health; he would need teeth extracted; and based on the complexity of the removals, Schultz would need to visit an offsite provider for the procedure.

On May 11, 2023, Schultz was sent to an offsite facility for the removal of 10 teeth, along with a DOC-3001 Offsite Service Request and Report form, which is a standard document provided to inmates receiving offsite medical attention so that outside providers may recommend further, follow-up care. When Schultz returned to PDCI, his DOC-3001 form contained no order for antibiotics written or recommended by his offsite providers. Instead, the only recommendations on the form were for a soft food diet for one week and ibuprofen/Tylenol.

Dr. Nance was not physically present himself at PDCI on May 11 to examine Schultz upon his return. Rather, he relied on the recommendations in the DOC-3001 when ordering Schultz to have a mechanical soft diet, ibuprofen, acetaminophen, and Boost Glucose Control. These recommendations were consistent with the full offsite report of Schultz's issued to PDCI on May 22.

2

On May 15, 2023, Nance saw Schultz at PDCI to address his complaint to HSU staff that he had been in pain since May 12. This was both Schultz's first complaint to the HSU and Nance's first day back at PDCI since Schultz's surgery. Based on his review, Nance started Schultz on antibiotics and provided a refill of ibuprofen and Tylenol. The next day, after observing Schultz, HSM Sheryl Kinyon asked Nance to visit Schultz again. While Nance noted an improvement in Schultz's condition, he nevertheless switched his antibiotic prescription to a liquid formula.

On May 18, 2023, Schultz was experiencing continued discomfort and was seen in the HSU, which contacted Sr. Nance. Because Nance was not present at PDCI to examine Schultz, he recommended that Schultz be sent to the emergency room for evaluation and testing for potential bacterial infection. After a CT scan in the emergency room showed multiple abscesses, Schultz was transferred back to his oral surgeon for further treatment and admitted into the hospital for 48-hour monitoring and IV antibiotics. Schults was then discharged on May 20, 2023, with recommendations for amoxicillin, chlorhexidine, hydrocodone/acetaminophen, and a soft diet.

Schultz's surgical site experienced complications requiring further visits to the emergency room and additional surgery. Schultz's final discharge from the hospital was on May 24, 2023. On that date, Schultz discussed the events following his May 11 surgery with HSM Sheryl Kinyon

OPINION

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

3

Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *McNeal v. Macht*, 763 F. Supp. 1458, 1460-61 (E.D. Wis. 1991). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. A "dispute of material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Although *pro se* litigants are entitled to liberal construction of their pleadings, they, too, have the burden to come forward in response to a motion for summary judgment with evidence that demonstrates a genuine issue of material fact. *Arnett v. Webster*, 658 F.3d 742, 760 (7th Cir. 2011) ("[A plaintiff's] *pro se* status doesn't alleviate his burden on summary judgment.") (citation omitted).

Here, plaintiff has been allowed to proceed on claims that defendants failed to provide antibiotics that were prescribed to him after his oral surgery, thereby deliberating denying him needed medical treatment. It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). Thus, prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quotation omitted). To sustain this claim, however, plaintiff must show: (1) he had an objectively serious medical condition; (2) the defendant knew of the condition and was deliberately indifferent in treating it; and (3) this indifference caused plaintiff some injury. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

4

An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A medical condition need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *See Reed v. McBride*, 178 F.3d 849, 852 (7th Cir. 1999). While defendants do not dispute that plaintiff's infection qualified as a serious medical condition, to satisfy the second prong of his claim, plaintiff must also establish that defendant had subjective knowledge of the risk to the inmate's health, *and* defendant deliberately disregarded that risk. *Stewart v. Wexford Health Sources, Inc.*, 14 F.4th 757, 763 (7th Cir. 2021) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). On this record, plaintiff has established neither as to Dr. Nance or HSM Kinyon.

I.   Dr. Nance

Plaintiff claims that Nance failed to provide him with antibiotics following his surgery on May 11, 2023. For medical professionals to violate the Eighth Amendment, however, the treatment decision must be "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Sain v. Wood*, 512 F.3d 886, 895 (7th Cir. 2008) (quoting *Collignon v. Milwaukee County*, 163 F.3d 982, 988 (7th Cir. 1998)).

The undisputed facts show that when plaintiff returned to PDCI from surgery Nance ordered him to have a mechanical soft diet, ibuprofen, acetaminophen, and Boost

Glucose Control, *consistent* with the recommendations made by plaintiff's surgeon. Moreover, the records shows plaintiff did not raise *any* issues with respect to his treatment as to PDCI staff until May 15, at which point Dr. Nance promptly saw plaintiff and prescribed antibiotics. As plaintiff's condition worsened, Nance made further recommendations, including that he be sent to the emergency room on May 18.

In each instance where plaintiff complained, therefore, Nance made medical recommendations and provided treatment based on the information available to him. Even if the treatment prescribed was in error or inadequate -- and plaintiff makes no such showing -- negligence cannot support a claim of deliberate indifference, nor is medical malpractice a constitutional violation. *Estelle*, 429 U.S. at 105-06; *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). Moreover, even if a defendant recognizes the substantial risk, he is free from liability if he "responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844.

Thus, plaintiff has adduced no evidence showing that any of Dr. Nance's decisions or actions were a substantial departure from acceptable professional standards. Accordingly, no reasonable jury could find that he acted with deliberate indifference to plaintiff's medical needs, and defendant Nance is entitled to summary judgment on the claims against him.

## II.   Nurse Kinyon

As for plaintiff's claim that HSM Kinyon failed to provide him with antibiotics following his surgery on May 11, 2023, nurses must generally defer to a physician's orders. *Holloway v. Delaware County Sheriff,* 700 F.3d 1063, 1075 (7th Cir. 2012). Although their

professional duty sometimes requires them to take further action when confronted with those orders, *Perez v. Fenoglio*, 792 F.3d 768, 779 (7th Cir. 2015), this occurs only when the orders pose "obvious risks to an inmate's health," *Holloway* 700 F.3d at 1075 (7th Cir. 2012).

Here, Kinyon first followed the direct recommendations of plaintiff's offsite treatment provider and then that of Dr. Nance, neither of whom prescribed antibiotics upon his return to PDCI. Additionally, deferring to these recommendations did not pose obvious risks to plaintiff's health. To the contrary, he raised no post-operation complaints until May 15, which resulted in a prompt referral to Dr. Nance and adoption of a new treatment plan. Regardless, in plaintiff's one interaction with Kinyon during this time, she asked Dr. Nance to visit him. Having consulted and followed the guidance of advanced medical providers in both instances, no reasonable jury could find that HSM Kinyon ignored obvious risks or acted with deliberate indifference to plaintiff's medical needs. Thus, defendant Kinyon is also entitled to summary judgment.

## ORDER

IT IS ORDERED that:

1) Defendants' motion for summary judgment (dkt. #22) is GRANTED.

2) The Clerk of Court is directed to enter judgment consistent with this opinion and close this case.

Entered this 26th day of February, 2026.

BY THE COURT:
/s/_____
WILLIAM M. CONLEY
District Judge